UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

JOSE DAVID JARQUIN VALLE,

Petitioner

v.

MARKWAYNE MULLIN, *et al.*,

Respondents

Case No. 3:26-cv-00674-MMD-CSD

ORDER

**I. SUMMARY**

Petitioner Jose David Jarquin Valle, an immigration detainee challenging the lawfulness of his ongoing federal detention, filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1 (“Petition”).) Because Petitioner is not subject to mandatory detention, the Court grants the Petition and orders Petitioner be granted a prompt individualized bond hearing.

**II. RELEVANT BACKGROUND**

Petitioner is a Nicaraguan citizen. (*Id*. at 8.) On June 3, 2024, Petitioner arrived at a port of entry in Denver, Colorado. (*Id.*) The Department of Homeland Security (“DHS”) paroled Petitioner into the United States through the Nicaraguan Humanitarian Parole program under 8 U.S.C. § 1182(d)(5)(a). (*Id.*) His parole was valid until June 12, 2025. (*Id.* at 9.) Petitioner applied for asylum. (*Id.* at 8.)

While awaiting adjudication of his asylum application, Petitioner resided in the United States for over two years and received multiple work authorizations.[1] (ECF No. 10 at 1.) Prior to his detention, Petitioner lived with his girlfriend and worked at the Grand

[1] Petitioner’s current work authorization is valid until December 4, 2027. (ECF No. 1 at 9.)

Sierra Resort. (*Id.* at 8-9.) On December 5, 2024, Petitioner was convicted of a misdemeanor DUI charge. (ECF No. 8 at 3.) On July 24, 2026, Petitioner was arrested and charged with a second DUI. (*Id.* at 10.) Petitioner was ultimately convicted of reckless driving on August 31. (*Id.*) The next day, ICE took Petitioner into custody and initiated removal proceedings by filing a Notice to Appear.[2] (*Id.*) Petitioner remains in ICE custody without a bond hearing. (*Id.*)

## III. DISCUSSION

Habeas corpus "is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Constitution guarantees that a writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates they are in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

Petitioner seeks habeas corpus relief on the basis that he is subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under § 1225(b)(2)(A), and thus his continued detention without a bond hearing violates his statutory rights. (ECF No. 1.) Respondents argue the Petition should be dismissed because Petitioner is an "applicant seeking admission" and, thus, subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (ECF No. 8 at 7.) The Court agrees with Petitioner.

The Immigration and Nationality Act outlines when noncitizens may or must be civilly detained and what relevant procedural safeguards apply. *See* 8 U.S.C. §§ 1101 *et seq.*. Two sections govern detention pending immigration proceedings: §§ 1226 and 1225. Section 1226(a) "sets out the general rule" regarding the arrest, detention and

---

[2]The Notice to Appear charged Petitioner as an applicant not in possession of a valid unexpired visa or a valid unexpired passport. (ECF Nos. 8-2 at 3; 1 at 10.)

release of noncitizens "present in the country" who are allegedly subject to removal. *Nielsen v. Preap*, 586 U.S. 392, 396 (2019). The statute grants DHS the discretion to either detain or release on bond those noncitizens arrested and facing removal proceedings. *See* 8 U.S.C. § 1226(a). Section 1226(c) carves out a subset of noncitizens who are subject to mandatory detention due to certain criminal history. *See id.* § 1226(c). Section 1225 addresses noncitizens who are deemed "applicants for admission" and imposes expedited removal procedures and generally mandates detention. *Id.* § 1225.

In *Rodriguez Vazquez*, the Ninth Circuit held that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226." 183 F.4th 1160, 1165 (9th Cir. 2026). The Ninth Circuit expressly rejected the government's argument that individuals apprehended in the interior are subject to section 1225(b)(2)(A)'s mandatory detention regime. *See id*. Instead, section 1225(b)(2)(A)'s mandatory detention scheme applies to noncitizens "entering the United States at the border." *Id.* at 1172.

Here, Petitioner was paroled into the United States in June 2024. (ECF No. 1 at 8.) He was not taken into ICE custody until over two years later, after his second arrest and subsequent state criminal conviction. (*Id.* at 13.) Petitioner was not detained at the border but, as Respondents admit, after he was booked into the Washoe County Jail. (ECF Nos. 1 at 13; 8 at 4.) Because Section 1225(b)(2)(A) is "border-oriented," applying it to those detained in the interior conflicts with historic practices subjecting unadmitted aliens present inside the United States to discretionary detention. *See Rodriguez Vazquez*, 183 F.4th at 1174. Therefore, because Petitioner was "apprehended in the interior," he cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and must be detained under § 1226(a). *Id.* at 1165, 1172; *see also Torres-Martinez v. Blanche*, No. 2:26-cv-01638-APG-DJA, 2026 WL 2409968 (D. Nev. Aug. 17, 2026) (finding an individual who was previously paroled and "detained in the interior" was subject to discretionary detention under section 1226(a) rather than section 1225(b)(2)(A)).

Respondents argue Petitioner is an "applicant for admission" because, unlike the class members in *Rodriguez Vazquez,* he arrived at a port of entry, applied for admission, and submitted to inspection by an examining immigration officer. (ECF No. 8 at 9, 14.) However, the Ninth Circuit in *Rodriguez Vazquez* found that the term "seeking admission" could not be conflated with "applicant for admission." *See* 182 F.4th at 1175. "Seeking admission" refers to the time when an individual "comes from outside *into* the United States." *Id.* at 1178 (internal quotations omitted) (emphasis added). As such, a noncitizen present in the United States does not remain in a "perpetual state of seeking admission," such that they are subject to mandatory detention. *Id.* at 1175-79. It does not matter, then, that Petitioner was paroled into the country, previously applied for admission, or submitted to inspection upon entry; at the time of his detention, he was not presently seeking admission into the country. *See Rodriguez Vazquez*, 183 F.4th at 1178; *see also Moya v. Blanche*, No. 2:26-cv-00675-APG-DJA, 2026 WL 1481604, at *6 (D. Nev. May 27, 2026) (finding that detained parolee was not "presently seeking admission" and, thus, not subject to mandatory detention under section 1225(b)(2)(A)). In sum, because Petitioner was not detained at the border and is not an "applicant for admission," his detention plainly falls under 8 U.S.C. § 1226(a).[3]

Petitioner is not subject to mandatory detention and therefore his continued detention without a bond hearing is unlawful. The Court therefore grants the Petition and Petitioner's request for a prompt individualized bond hearing.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition.

---

[3]Additionally, as Petitioner points out, Respondent's Notice of Class Membership states that Petitioner is detained under § 1226(a). (ECF No. 6 at 1.) Respondents fail to explain the discrepancy between their arguments here and the Notice of Class Membership.

It is therefore ordered that the Petition (ECF No. 1) is granted.

It is further ordered that Respondents must provide Petitioner with a constitutionally adequate bond hearing, no later than Thursday, October 22, 2026. At this bond hearing, the government must bear the burden of establishing, by clear and convincing evidence, an individualized and constitutionally recognized interest in civilly detaining Petitioner, i.e., that his detention is necessary to prevent danger to the community or to ensure his future appearance at removal proceedings. *See Martinez v. Clark*, 124 F.4th 775, 785-86 (9th Cir. 2024). The bond hearing must also consider Petitioner's financial circumstances and possible alternative release conditions. *See Hernandez v. Sessions*, 872 F.3d at 990. Respondents are enjoined from invoking mandatory detention of Petitioner under 8 U.S.C. § 1225(b)(2)(A) at this new bond hearing.

It is further ordered that if a constitutionally adequate bond hearing is not conducted by October 22, Respondents must immediately release Petitioner from custody on his own recognizance.

It is further ordered that the parties file a joint status report by Friday, October 23. The status report must detail if the bond hearing occurred, if bond was granted or denied, and, if denied, the reasons for that denial. If bond was granted or the bond hearing has not occurred, the status report shall confirm the date and time of Petitioner's release from detention in compliance with this Order. If bond was denied, Respondents must (1) attach the order of the IJ to the joint status report and (2) provide the contemporaneous record of the bond hearing to Petitioner's counsel immediately upon request.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

///

///

///

DATED THIS 15th Day of October 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE