UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSE DAVID JARQUIN VALLE,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, *et al.*,<br>Respondents. | Case No. 3:26-cv-00674-MMD-CSD<br>ORDER |

## I. SUMMARY

Petitioner Jose David Jarquin Valle previously filed a counseled amended petition under 28 U.S.C. § 2241 challenging his ongoing detention. (ECF No. 9 ("Petition").) The Court granted his Petition and ordered Respondents to provide a constitutionally adequate custody redetermination hearing by October 22, 2026. (ECF No. 11 ("Order").) Before the Court is Petitioner's Motion to Enforce, challenging the adequacy of his bond hearing. (ECF No. 14 ("Motion").)[1] For the reasons discussed below, the Court grants the Motion to Enforce and orders immediate release.

## II. RELEVANT BACKGROUND

This order incorporates the factual background from the order granting the Petition. (ECF No. 11.)

On October 15, 2026, the Court granted the Petition and ordered Respondents to provide a constitutionally adequate bond hearing no later than Thursday, October 22, 2026. (ECF No. 11 at 5.) The Court also specified that the hearing must consider Valle's financial circumstances and possible alternative release conditions. (*Id.*)

[1] Respondents filed a response (ECF No. 16) and Petitioner replied (ECF No. 18).

On October 21, 2026, Petitioner received a bond hearing before an Immigration Judge ("IJ"). (ECF No. 13-1.) A Spanish interpreter was provided. (ECF No. 17 at 0:30-1:40.) In the hearing, the IJ noted three exhibits: (1) the referenced Order; (2) 87 pages of exhibits submitted by Petitioner; and (3) the I-213 Form. The exhibits were admitted without objection. (*Id.* at 1:50-2:49.) Respondents argued that Petitioner is a danger to the community based on "multiple DUIs" and a third charge of contempt of court, and that flight risk need not be considered because of the dangerousness. (*Id.* at 3:30-4:39.) Petitioner responded that while there was one DUI conviction in 2024, the 2026 charge was for reckless driving. Further, the contempt of court charge was dismissed. Counsel argued that Petitioner has a release plan showing rehabilitation, and he has taken responsibility for his actions. There was no accident or property damage. Counsel also argued that Petitioner was not a flight risk based on his substantial ties to Reno and family support. Petitioner's father is a U.S. Citizen, he has a stable address, consistent employment, and is going to marry a legal permanent resident. (*Id.* at 4:47-8:41.)

The IJ found that Respondents had carried their burden. The IJ noted that Petitioner has not been in the country long, only since 2024, and had contact with law enforcement soon after his arrival. The IJ found that DUIs are "inherently dangerous" conduct causing catastrophic property damage and death. The IJ recognized that the second charge was reduced to reckless driving, but found it still weighed negatively against granting Petitioner bond. (*Id.* at 8:54-10:51.) By written order, the IJ determined Petitioner was a danger to the community due to his "recent criminal history" and denied his bond. (ECF No. 13-1 at 2.)

## III. DISCUSSION

Petitioner argues that his bond hearing did not comply with the Order. Specifically, Petitioner asserts that the decision only stated that Respondents had met their burden based on "recent criminal history" without further explanation and without considering the

other relevant *Guerra* factors. (ECF No. 14 at 5, 7, 8-9.) Respondents counter that Petitioner's arguments are more appropriately presented on appeal since he is questioning how the IJ weighed the evidence and how much was written. (ECF No. 16 at 2.) The Court agrees with Petitioner.

While the Court does not have jurisdiction to review underlying factual determinations by the IJ, the Court retains jurisdiction to review compliance with an earlier order granting conditional habeas relief. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011). When deciding whether to release an immigrant on bond, an IJ "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). IJs may look to a number of factors in determining whether an immigrant merits release on bond, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Id.* (citation modified).

Here, the IJ's written order states that the government met their burden that Petitioner "is a danger to the community due to [his] recent criminal history." (ECF No. 13-1 at 2.) However, as Petitioner correctly asserts, neither the oral findings nor written order reflect consideration of any of the other factors or evidence. (ECF No. 14 at 7.) Other district courts in this circuit have found that an IJ abused its discretion in relying on DUIs or DUI charges as the sole basis for denying bond. *See, e.g.*, *Mau v. Chertoff*, 562 F. Supp. 2d 1107, 1118 (S.D. Cal. 2008) (finding the IJ abused its discretion when it relied

on "two misdemeanor convictions for DUI and one felony conviction for DUI as the basis for the finding of present dangerousness"); *Calderon-Rodriguez v. Wilcox*, 374 F. Supp. 3d 1024, 1037 (W.D. Wash. 2019) (citing *Mau* but finding stronger case as he received no jail time for the most serious crime); *Sabillon Munoz v. Scott*, No. 2:26-CV-02420-TL, 2026 WL 2694273, at *6-7 (W.D. Wash. Sept. 14, 2026) (finding a single pending DUI charge insufficient to support the IJ's conclusion that the petitioner was a danger to the community). Moreover, the IJ's order doesn't indicate proper consideration of Petitioner's familial ties, employment, fixed address, and his compliance with the immigration court's orders, or the fact that the DUI did not cause accident, injury, or property damage. *See, e.g.*, *Crispin Martinez v. Mattos*, No. 2:26-CV-01427-JAD-BNW, 2026 WL 3001109, at *4 (D. Nev. Oct. 6, 2026) ("Nothing in the record shows that his first DUI caused an accident or injury."); *Zhamagortsyan v. Warden, Adelanto ICE Processing Ctr.*, No. 5:26-CV-04093-DTB, 2026 WL 2876062, at *8 (C.D. Cal. Sept. 24, 2026) (finding that the IJ failed to consider "any distinguishable facts underlying Petitioner's single arrest for driving under the influence."). As such, the Court finds that a single, two-year-old DUI conviction and a charge of reckless driving, without consideration of Petitioner's broader circumstances, cannot support the IJ's finding of dangerousness to comply with this Court's order to provide Petitioner a constitutionally adequate bond hearing. *See also Henriquez-Osorio v. Mullin*, No. 2:26-CV-00234-RFB-BNW, 2026 WL 2065444, at *5 (D. Nev. July 16, 2026) (finding that the IJ abused its discretion where "the record did not reflect the seriousness of Petitioner's crimes" and the IJ "did not properly consider the factors set forth in *Guerra* because it assumed the crimes' seriousness").

The Court thus finds that, because the IJ failed to consider factors beyond Petitioner's criminal history, the government failed to provide Petitioner a constitutionally adequate bond hearing in accordance with its prior writ. Accordingly, the Court grants the Motion to Enforce and orders Petitioner's immediate release. *See Ramirez Brown v.*

*Davenport*, 596 U.S. 118, 127-28 (2022) (holding a district court has equitable discretion "as law and justice require" in remedying unlawful detention in habeas petitions); *see also Kumar v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-00035, 2026 WL 2078191, at *6 (E.D. Cal. July 17, 2026) (collecting cases where district courts have found a petitioner's bond hearing was legally inadequate and ordered release or a new hearing).

**IV. CONCLUSION**

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Petitioner's Motion to Enforce (ECF No. 14) is granted. Respondents must immediately release Petitioner no later than 5:00 PM on Tuesday, November 24, 2026, subject to reasonable terms of supervision. *See* 8 U.S.C. §§ 1231(a)(6), (a)(3). Determining reasonable terms of supervision shall not in any way impede the immediate release of Petitioner.

It is further ordered that the parties shall file a joint status report by Wednesday, November 25, 2026 confirming Respondents' compliance with this Order.

DATED THIS 23rd Day of November 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE